# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BANK OF AMERICA, N.A.,                     **Case No.**

      Plaintiff,

v.

ORLANDO SMILES, INC., and SARIKA
HEGGANNAVAR, individually

      Defendants.

_____/

## COMPLAINT

NOW COMES **BANK OF AMERICA, N.A.**, Plaintiff herein, ("Plaintiff" or "BANA" or "Bank"), by and through counsel, and for its Complaint against Orlando Smiles, Inc. ("Orlando Smiles") and Sarika Heggannavar ("Heggannavar") (collectively, the "Defendants"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1. BANA is a federally chartered, national banking association with articles of association designating Charlotte, North Carolina as where its main office is located, with its principal place of business at 100 N Tryon Street, Charlotte, NC 28255. Under 28 U.S.C. § 1332(c), BANA is deemed a citizen of the State of North Carolina. At all relevant times, BANA was, and is, authorized to do business in the State of Florida.

2. Orlando Smiles, Inc. is a corporation organized under the laws of the State of Florida with its principal place of business located at 6735 Conroy Road, Suites 412 & 414,

Orlando, Florida 32835, which is located in this judicial district. Upon information and belief, Sarika Heggannavar is the President of Orlando Smiles, Inc.

3. Upon information and belief, Sarika Heggannavar is a citizen of the State of Florida domiciled in Orlando, Florida and residing at 8157 Saint Andrews Circle. Orlando, Florida 32835. Sarika Heggannavar is subject to personal jurisdiction in this Court because this suit arises out of Heggannavar's guaranty of the obligations of Orlando Smiles to BANA.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue in this action is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because the Defendants reside in this judicial district and a substantial part of the events giving rise to the claim occurred in this district.

## BACKGROUND

6. On or about February 6, 2014, for good and valuable consideration, which included BANA's agreement to extend credit, Sarika Heggannavar DMD[1], as a sole proprietorship and as borrower, executed and delivered a Finance Agreement in favor of BANA, as lender, in the original principal amount of Seven Hundred Eighty-Five Thousand and Seven Hundred AND 00/100 Dollars ($785,700.00) (as supplemented, renewed, amended or extended, the "Finance Agreement").  A true and accurate copy of the Finance Agreement is attached hereto as **Exhibit A**.

7. The Finance Agreement included a promissory note (the "Note"), a security

---

[1] On February 12, 2014, Sarika Heggannavar DMD filed an Amendment and Name Change with the Florida Secretary of State to convert from a sole proprietorship into a corporation under the name Orlando Smiles, Inc. Sarika Heggannavar is the president of Orlando Smiles, Inc. The "Borrower" hereinafter refers to the incorporated entity Orlando Smiles, Inc.

agreement granting BANA a security interest in all collateral and proceeds of the collateral of the Borrower (the "Security Agreement"), and a continuing and unconditional guaranty executed and delivered by Sarika Heggannavar in favor of Bank (the "Guaranty"). True and accurate copies of the Note, Security Agreement, and Guaranty are incorporated in Exhibit A.

8. On or about March 27, 2014, for good and valuable consideration, which included BANA's agreement to extend credit, Orlando Smiles, Inc., by and through Heggannavar, executed and delivered a Final Disbursement, Change and Repayment Schedule (the "Loan Schedule") modifying the Finance Agreement wherein, among other things, the borrower name under the Finance Agreement was changed from the sole proprietorship to Orlando Smiles, Inc. A true and accurate copy of the Loan Schedule is attached hereto and incorporated herein as **Exhibit B**.

9. The Finance Agreement, Note, Security Agreement, Guaranty and Loan Schedule shall hereafter be collectively referred to as the "Loan Documents."

10. BANA is the current owner and holder of the Loan Documents.

11. BANA has performed all its obligations and conditions precedent under the Loan Documents.

12. Under the terms of the Loan Documents, Orlando Smiles was required to remit monthly payments to BANA.

13. Orlando Smiles failed to make the payment due October 1, 2020 or any payment due thereafter (the "Payment Default").

14. BANA is entitled to late charges for any payment not made within ten (10) days after it first becomes due under Paragraph 5 of the Finance Agreement.

15. Failure to make payment when due is an event of default under Paragraph 16(a) of

the Finance Agreement.

16. Pursuant to Paragraph 18, Sections (ii) and (iii), of the Finance Agreement, upon the occurrence of an event of default, BANA is entitled to accelerate the Loan and to institute interest at the rate of five percent (5%) above the contractual rate of interest.

17. Pursuant to the Guaranty, Heggannavar is liable for all amounts due BANA under the Loan Documents.

18. On or about February 3, 2021, BANA sent the Defendants notice of the Payment Default (the "Default Letter"). A true and accurate copy of the Default Letter is attached hereto and incorporated herein as **Exhibit C.**

19. Defendants failed to timely cure the Payment Default in response to the Default Letter.

20. Pursuant to the uncured event of default, BANA exercised its rights under Paragraph 18 of the Finance Agreement to accelerate the Loan, declare the total indebtedness due and payable, and to institute default interest.

21. On or about April 14, 2021, counsel for BANA sent a letter to the Defendants demanding payment of the total indebtedness due under the Loan Documents (the "Demand Letter"). A true and accurate copy of the Demand Letter is attached hereto and incorporated herein as **Exhibit D.**

22. Despite demand, Defendants have failed to pay the amounts due and owing under the Loan Documents.

23. As of May 26, 2021, the total balance due under the Loan Documents is $390,108.55, exclusive of attorneys' fees and costs, which is comprised of $362,674.16 in principal, $13,348.41 in accrued and unpaid regular interest, $4,331.91 in default interest,

$9,057.39 in previously deferred interest, and $696.68 in late charges. Regular interest and default interest continue to accrue at the combined rate of $100.74 per diem.

24. BANA is entitled to recover its reasonable attorneys' fees and costs pursuant to Paragraph 15(c) of the Finance Agreement.

25. Pursuant to the Finance Agreement and Guaranty, the Defendants are jointly and severally liable for all indebtedness due BANA under the Loan Documents.

### COUNT I – BREACH OF CONTRACT
### AGAINST ORLANDO SMILES, INC.

26. BANA re-alleges and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Orlando Smiles breached its obligations under the terms of the Loan Documents by failing to make payments when due.

28. Despite demand, Orlando Smiles has failed and continues to fail to make payment of the amounts due and owing under the Loan Documents.

29. Due to Orlando Smiles' default under the Loan Documents, as of May 26, 2021, Orlando Smiles is indebted to BANA in the total amount of $390,108.55, exclusive of attorneys' fees and costs, which is comprised of $362,674.16 in principal, $13,348.41 in accrued and unpaid regular interest, $4,331.91 in default interest, $9,057.39 in previously deferred interest, and $696.68 in late charges. Regular interest and default interest continue to accrue at the combined rate of $100.74 per diem.  Interest, attorneys' fees and costs continue to accrue.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Orlando Smiles, Inc. as follows:

(a) Entry of judgment in its favor and against Orlando Smiles, Inc. in the principal

amount of $362,674.16, $13,348.41 in accrued and unpaid regular interest, $4,331.91 in default interest, $9,057.39 in previously deferred interest, and $696.68 in late charges, for a total amount outstanding as of May 26, 2021 of $390,108.55 plus reasonable attorneys' fees and costs along with interest and late fees which accrue thereafter, until paid in full;

(b) An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and other costs incurred; and

(c) Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
## AGAINST SARIKA HEGGANNAVAR

30. BANA re-alleges and incorporates Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. Heggannavar breached her obligations under the terms of the Guaranty by failing to make payments when due.

32. Despite demand, Heggannavar has failed and continues to fail to make payment of the amounts due and owing under the Loan Documents.

33. Due to Heggannavar's default under the Guaranty, as of May, 26, 2021, Heggannavar is indebted to BANA in the total amount of $390,108.55, exclusive of attorneys' fees and costs, which is comprised of $362,674.16 in principal, $13,348.41 in accrued and unpaid regular interest, $4,331.91 in default interest, $9,057.39 in previously deferred interest, and $696.68 in late charges. Regular interest and default interest continue to accrue at the combined rate of $100.74 per diem. Interest, attorneys' fees and costs continue to accrue.

WHEREFORE, Plaintiff Bank of America, N.A. respectfully requests judgment and relief in its favor and against Defendant Sarika Heggannavar as follows:

(a) Entry of judgment in its favor and against Sarika Heggannavar in the principal amount of $362,674.16, $13,348.41 in accrued and unpaid regular interest, $4,331.91 in default interest, $9,057.39 in previously deferred interest, and $696.68 in late charges, for a total amount outstanding as of May 26, 2021 of $390,108.55 plus reasonable attorneys' fees and costs along with interest and late fees which accrue thereafter, until paid in full;

(b) An award of Bank of America N.A.'s expenses, reasonable attorneys' fees, and other costs incurred; and

(c) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

BANK OF AMERICA, N.A.

By: s/ Joseph P. Hynes
One of Its Attorneys

Joseph P. Hynes
L&G LAW GROUP, LLP
100 2nd Avenue South, Suite 706S
St. Petersburg, FL 33701
Phone: (773)294-5139
jhynes@lgcounsel.com